## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

In re

Case No. _____
Amended

**NOTICE OF MOTION AND CHAPTER 13 DEBTOR'S MOTION TO BUY, SELL, OR ENCUMBER INTEREST IN PROPERTY**

Debtor

## NOTICE

1. YOU ARE NOTIFIED that the motion below was filed by the debtor to [*check all that apply*]:

     Buy property

     Sell property

     Encumber property (including refinance of property and loan modification)

2. If you wish to object to the motion, you must, within 21 days after the service date in paragraph 5 below, file with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401 a written objection stating the specific facts upon which the objection is based, and include a certificate of service of the objection on the movant.

3. **Failure to Object**. If you fail to file a timely objection, then the court may sign an order without further notice, submitted by the moving party on Local Bankruptcy Form 1301.5, granting the relief requested in the motion.

4. This document constitutes the notice required by Local Bankruptcy Rule 2002-1.

5. I certify that on _____ this document was:

     a. served under Federal Rule of Bankruptcy Procedures (FRBP) 7004, on the debtor, chapter 13 trustee, U.S. trustee, each holder of liens or encumbrances on the property, and their attorneys; and

     b. was sent, pursuant to FRBP 2002(a), to all creditors and all parties as listed in the court's records that were obtained on _____, a copy of which is attached to the document filed with the court.

6. For further information, contact [*enter name and contact information of debtor's attorney, or, if no debtor's attorney, debtor*]:

Case 20-30695-dwh13   Doc 83   Filed 05/02/23

_____          _____
Date                              Signature & Relation to Movant

                          _____
                          Debtor's Address & Last 4 Digits of Taxpayer ID#

## MOTION

### Information About the Property

*[Movant must complete this entire section]*

1. **Description of the Property** [*for example, real property address; car model, year, and VIN; or manufacturer and serial number*]:

    Is the property the debtor's primary residence?      Yes      No

    Additional property description attached?      Yes      No

2. **Description of Existing Liens and Encumbrances on the Property, Listed in Priority Order** [*for property debtor is purchasing, do not include liens and encumbrances of the existing owner that will be satisfied at the closing of the purchase*]:

| Name of Holder | Approximate Amount | Interest Rate | Maturity Date | Proposed Treatment (fully paid, partially paid, or not paid) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

    Additional information on existing liens and encumbrances attached?      Yes      No

**1301 (12/1/2022)**              Page 2 of 6

## <u>Relief Requested</u>

*[Movant must complete each applicable part of this section; inapplicable parts of this section may be left blank.]*

3. **Motion to Approve Purchase of Property.** Debtor hereby moves for the authority to purchase the property described in paragraph 1 of this motion. In support of this motion, debtor provides the following information--

   Name of seller:

   Relationship of seller to debtor:

   Purchase price: $

   Anticipated closing date:

   Other relevant terms of purchase:

   Source of funds for purchase:

4. **Motion to Approve Sale of Property.** Debtor hereby moves for the authority to sell the property described in paragraph 1 of this motion. In support of this motion, debtor provides the following information--

   Name of buyer:

   Relationship of buyer to debtor:

   Sale price: $

   Anticipated closing date:

   Other relevant terms of sale:

   Anticipated net proceeds:

   Disposition of anticipated net proceeds (other than payment of liens and encumbrances described in paragraph 2 of this motion):

**1301 (12/1/2022)**                     Page 3 of 6

5. **Motion to Approve Encumbrance of Property** (including refinance of property and loan modification).  Debtor hereby moves for the authority to encumber the property described in paragraph 1 of this motion.  In support of this motion, debtor provides the following information—

Encumbrance type:     New Loan     Refinance     Loan Modification

Name of lender:

Relationship of lender to debtor:

Principal amount of loan: $

Interest rate:

Loan term/maturity date:

Payment amount and terms [*for example, monthly, interest only with balloon or fully amortizing, payable only after prior debt*]:

Closing costs:

Lien position [*senior lien, second position lien, etc.*]:

Amount of cash debtor will receive from refinance:     $0     $

Use of any cash debtor receives:

If this is a refinance or loan modification, explain how the new terms compare with the prior terms:

<u>**Points and Authorities**</u>

[*Movant must complete this entire section*]

6. **Basis for Relief.** Debtor asserts that the court should grant the relief requested because:

7. **Chapter 13 Trustee Position on this Motion.** Debtor or debtor's counsel has conferred with the chapter 13 trustee, and the trustee:

      Consents to this motion

      Opposes this motion

      Takes no position on this motion

      Other:

8. **Plan**

    a.   Does the chapter 13 plan contemplate the relief requested herein?    Yes    No

    b.   Effect on Plan or Plan Payments.  Check all that apply:

            Satisfies an arrearage or other secured debt being paid in the plan. Debtor anticipates     an increased or     a reduced housing expense of $_____ compared to the amount listed in the most recently filed Schedule J. Net proceeds will be used to complete debtor's obligations under the plan.

            Net proceeds will be used to pay all creditors in full.

            Other:

Case 20-30695-dwh13   Doc 83   Filed 05/02/23

9. **Exhibits**

In support of this motion, debtor hereby attaches the following exhibits [*for example, purchase and sale agreement, note, deed of trust, preliminary title report, estimated closing statement*]:

None

Exhibits:

| Exhibit Number<br>[*for example, Exhibit B*] | Exhibit Description<br>[*for example, purchase and sale agreement, note, deed of trust, preliminary title report, estimated closing statement*] |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

10. **Declarations**

In support of this motion, debtor hereby attaches the following declarations:

None

Declarant names:

_____
Date

_____
Signature & Relation to Movant

53)

_____
Debtor's Address & Last 4 Digits of Taxpayer ID#

Case 20-30695-dwh13    Doc 83    Filed 05/02/23



P.O Box 55004
Irvine, CA 92618
888.504.6700 toll free
949.341.2200 fax
www.rushmorelm.com

April 17, 2023

MATTHEW GEHRKE
SHAWNDARIE JOHNSON
7670 SW BARNARD DR
BEAVERTON, OR 97007

Re: Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC #4402937095
Property Address: 7670 SW BARNARD DR, BEAVERTON, OR 97007

Dear MATTHEW GEHRKE and SHAWNDARIE JOHNSON,

Enclosed are three identical original Loan Modification Agreements that we have prepared pursuant to your discussions with your loss mitigation representative from Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC. Please review the Loan Modification Agreements carefully. If the documents are consistent with the negotiations you had, please sign the documents **in black ink**, **in the presence of a notary** and keep one for your records and return two signed original to Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC in the envelope provided within **15** days of delivery date. *If the documents are not returned within this timeframe your file may be closed. Please sign your name* **exactly** *as it is printed under the signature line.*

*\*\*Please note that your total payment, including an escrow portion of **$545.88** will be **$2,620.38** and is due on **June 1, 2023**.*

Be certain to make any remaining trial period payments on or before the dates they are due. If the trial period payments are made after their due dates or in amounts different from the amount required, your loan may not be modified. All other conditions of the trial period plan must also be completed as required.

If your loan is in default and actions have been undertaken pursuant to that default, there may be fees related to those actions which have yet to be incurred, but necessarily will be performed as part of the resolution of the proceedings related to the default (the "Default-related Actions"). Such Default-related Actions may include, but are not limited to, actions such as the dismissal of an ongoing foreclosure action, a meeting of creditors, or other court-mandated procedures. The cost of any such action has not been included in the modification, as that cost has not yet been incurred. You do not have to pay for any fees or costs for Default-related Actions unless and until they are incurred, and you are responsible only for the actual costs of those Default-related Actions. If you accept this modification, you will be responsible for any outstanding fees related to the Default-related Actions and they will appear on your periodic billing statement after the modification has been completed.

NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO BE A WAIVER OF THE BORROWER'S DISCHARGE, AN ATTEMPT TO COLLECT AGAINST THE BORROWER PERSONALLY, OR AN ATTEMPT TO REVIVE PERSONAL LIABILITY.

**Advice to Consult with Counsel:**
YOU ARE STRONGLY ENCOURAGED TO CONSULT WITH YOUR OWN LEGAL COUNSEL TO DETERMINE THE LEGAL EFFECT OF THE ENCLOSED AGREEMENT.

*4402937095*

*103914+36*

If you wish to reinstate or pay-off your loan, or have any questions regarding the Loan Modification Agreement please contact Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC directly at 1-888-504-7300.

Very truly yours,

**RUSHMORE LOAN MANAGEMENT SERVICES LLC**





# ADDITIONAL NOTICES

Rushmore Loan Management Services LLC is a Debt Collector attempting to collect a debt.

**Bankruptcy Notice.** If you are in bankruptcy or if your obligation to repay this loan was discharged in bankruptcy, this informational notice is sent to you in order to comply with statutory requirements. It is not an attempt to collect a debt. You may disregard information relating to payment remittance. You are not obligated to make payments and any amount(s) you do pay Rushmore is at your discretion. Please note, however, Rushmore reserves the right to exercise its legal rights, including but not limited to foreclosure of its lien interest, only against the property securing the original obligation.

If you have any other mortgage loans secured by the same property not serviced by Rushmore, please contact your other servicer directly to discuss any possible loss mitigation options that may be available to you.

If you are a confirmed Successor-in-Interest who has not assumed the mortgage loan obligation under State Law, this letter is being sent for information purposes only and does not constitute personal liability with respect to the debt.

**LEGAL NOTIFICATION:** Rushmore Loan Management Services LLC may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

## Notice of Error Resolution & Information Request Procedures
The following outlines the Error Resolution and Information Request Procedures for your mortgage account at Rushmore Loan Management Services LLC (RLMS). Please keep this document for your records.

**If you think an error has occurred on your mortgage account or if you need specific information about the servicing of your loan, please write us at**:

**Rushmore Loan Management Services LLC**
P.O. Box 52262
Irvine, California 92619-2262

All written requests for information or notices of error should contain the following information:

1. Your name
2. Account number
3. Property Address
4. Description of the error and explanation as to why you believe it is an error or a request for specific information regarding the servicing of your loan
5. Current contact information so we may follow up with you

All written requests for specific information will be handled within 30 days of receipt. We will determine whether an error occurred within 30 days after receiving your notice of error and will correct any error promptly (Notices of error on payoff statements will be handled within 7 days). If additional time is needed to investigate your complaint or request, we may take up to 45 days but we will notify you of the extension within the original 30 days. If we decide that there was no error, we will send you a written explanation. You may ask for copies of the documents that we used in our investigation.

## HUD STATEMENT
Pursuant to section 169 of the Housing and Community Development Act of 1987, you may have the opportunity to receive counseling from various local agencies regarding the retention of your home. You may obtain a list of the HUD approved housing counseling agencies by calling the HUD nationwide toll free telephone at 1-800-569-4287.

**Equal Credit Opportunity Act Disclosure**
NOTICE: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Bureau of Consumer Financial Protection, 1700 G Street NW, Washington, DC 20552 or Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

**The following notice is in reference to the Homeowner Assistance Fund:**
The Homeowner Assistance Fund is a federal program to help homeowners impacted by COVID-19 resolve mortgage payments and other housing expenses. To learn more about the availability of Homeowner Assistance Funds in your state, please visit Rushmore's State Homeowner Assistance Resources page at https://www.rushmorelm.com/state-assistance/.



Case 20-30695-dwh13   Doc 83   Filed 05/02/23

# STATE SPECIFIC NOTICES

**The following notice applies to Arkansas residents only:**

Please note that Rushmore Loan Management Services LLC is licensed in Arkansas and that complaints about Rushmore Loan Management Services LLC may be submitted to the Arkansas Securities Department via the Department's website (http://www.securities.arkansas.gov/) or toll-free 1-800-981-4429.

**The following notice applies to California residents only:**

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP (382-4357) or www.ftc.gov.

**The following notice applies to Colorado residents only:**

Please note: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coag.gov/car.
Please be advised that you can reach the Colorado Foreclosure Hotline at 1-877-601-HOPE (601-4673).

Local Rushmore Loan Management Services LLC Agent for Colorado Residents:
Irvin Borenstein
7200 S. Alton Way, #B180
Centennial, CO 80112
303-309-3839

**The following notice applies to Hawaii residents only:**

Rushmore is licensed by the Division of Financial Institutions for the State of Hawaii. A borrower may file a complaint about Rushmore Loan Management Services with the Commissioner:

**Division of Financial Institutions**
Department of Commerce and Consumer Affairs
King Kalakaua Building
335 Merchant Street, Rm. 221
Honolulu, HI 96813

If you believe your loss mitigation option request has been wrongly denied, you may file a complaint with the state division of financial institutions at 808-586-2820 or dfi@dcca.hawaii.gov.

**The following notice applies to Massachusetts residents only:**

Notice of IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the creditor.




**The following notice applies to North Carolina residents only:**

**If you believe the loss mitigation request has been wrongly denied, you may file a complaint with the North Carolina Office of the Commissioner of Banks website, www.nccob.gov.**

**RUSHMORE LOAN MANAGEMENT SERVICES LLC  Branch Addresses:**
California Branch: 15480 Laguna Canyon Road, Suite 100, Irvine CA 92618
Texas Branch: 8616 Freeport Pkwy, Suite 100, Irving, TX 75063
Oklahoma Branch: 2000 North Classen Blvd, Suite N3400, Oklahoma City, OK 73106

**Collection Agency**
CA Office License Number: **103651**
TX Office License Number: **112248**
OK Office License Number: **113559**

**The following notice applies to New York residents only:**

NOTICE PURSUANT TO NEW YORK STATE BANKING REGULATION 419
Rushmore is registered with the Superintendent of Banks for the State of New York. A borrower may file a complaint about Rushmore Loan Management Services with the New York State Department of Financial Services. A borrower may obtain further information from the New York State Department of Financial Services by calling the Department's Consumer Assistance Unit at 1-800-342-3736 or by visiting the Department's website at www.dfs.ny.gov.

**If you believe the loss mitigation request has been wrongly denied, you may file a complaint with the New York State Department of Financial Services at 1-800-342-3736 or www.dfs.ny.gov.**

NMLS Unique ID Number 185729

Please be advised that calls regarding your property insurance requirements may be answered by Southwest Business Corporation, a third party insurance producer and tracking services provider.

You may request to receive communications from Rushmore in an alternative format, which may include large print, Braille, or audio. To make this request, please contact Rushmore at (888) 504-6700.

**New York City Consumers:**

Rushmore Loan Management Services may provide language access services to consumers who seek to communicate in a language other than English when contacting our customer service center and speaking to a live agent.

A translation and description of commonly-used debt collection terms is available in multiple languages on the New York City Department of Consumer Affairs' website, **www.nyc.gov/dca.**

**The following notice applies to Texas residents only:**

COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550.

A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

**The following notice applies to Oregon residents only:**

Pursuant to Oregon Revised Statutes 86A.324, the Director of the Department of Consumer and Business Services prescribed by law and pursuant to FSR 25-2020: Borrowers:  The Oregon Division of Financial Regulation (DFR) oversees residential mortgage loan servicers who are responsible for servicing residential mortgage loans in connection with real property located in Oregon and persons required to have a license to service residential mortgage loans in this state. If you have questions regarding your residential mortgage loan, contact your servicer at (servicer's toll-free phone





Case 20-30695-dwh13    Doc 83    Filed 05/02/23

number and email, if applicable). To file a complaint about unlawful conduct by an Oregon licensee or a person required to have an Oregon license, call DFR at 888-877-4894 or visit dfr.oregon.gov.

**The following notice applies to Pennsylvania residents only:**

The lender shall retain a security interest in the residential real estate unless and until the debt is fully satisfied and the security interest is released.



Case 20-30695-dwh13    Doc 83    Filed 05/02/23

**The following notice applies to Wisconsin residents only:**

This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.





Rev 01/21

# Acknowledgment Examples

_____ [Space Below This Line For Acknowledgments] _____
State of

County of _____

I certify that I know or have satisfactory evidence that _____

**Insert Borrower Name(s)**

_____

_____.
(name of person) is the person who appeared before me, and said person acknowledged that (he/she)
signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and
purposes mentioned in the instrument.

Dated: _____

_____
Signature of Notary

**Insert "Notary Public" as title**
_____
Title

My Commission expires: _____

---

_____ [Space Below This Line For Acknowledgments] _____

State of

County of _____

**Insert Notary Name**
I, _____ Notary Public, hereby certify that
   (please print name)
_____ **Insert Borrower Name(s)** _____, whose name is signed to the foregoing conveyance, and who
is known to me, acknowledged before me on this day that being informed of the contents of the
conveyance, he executed the same voluntarily on the day the same

bears Date. Given under my hand this _____ day of _____, A. D. 20____.

_____
(signature of officer)

My commission expires:_____



Case 20-30695-dwh13   Doc 83   Filed 05/02/23

# Rushmore Loan Management Services LLC - Modification Checklist

Please
Check
Notary/Borrower

## Loan Modification Agreement

|  |  |  |
|---|---|---|
|  |  | **Borrowers** - All borrowers signed exactly as typed name appears |
|  |  | **Witnesses** - Witness signatures needed - Witness to be signed exactly as printed name appears |
|  |  | **Witnesses** - Printed name to be below their signature |
|  |  | **Notary** - Cannot be a Witness in Louisiana |
|  |  | **Notary** - Completely filled out all blank lines (unless stated as optional) |
|  |  | **Notary** - Signed and printed their name exactly as it appears on seal |
|  |  | **Notary** - Registration cannot be expired |
|  |  | **Notary** - Title should read Notary/Notary Public |

## Subordinate Note (if applicable)

|  |  |  |
|---|---|---|
|  |  | **Borrowers** - All borrowers signed |
|  |  | **Witnesses** - Witness signatures completed |
|  |  | **Witnesses** - Printed name under signature |

## Subordinate Mortgage/Deed of Trust (If applicable)

|  |  |  |
|---|---|---|
|  |  | **Borrowers** - All borrowers signed |
|  |  | **Witnesses** - Witness signatures completed |
|  |  | **Witnesses** - Printed name under signature |
|  |  | **Notary** - Signed and printed their name exactly as it appears on seal |
|  |  | **Notary** - Registration cannot be expired |
|  |  | **Notary** - Title should Read Notary/Notary Public |
|  |  | **Notary** - Completely filled out all blank lines (unless stated as optional) |

**This offer does expire. Please send the original executed documents back to Rushmore Loan Management Services LLC in the envelope provided within 15 days of delivery date on your Modification. <u>All pages indicated must be signed in BLACK INK ONLY.</u>**

_____          Date: _____
**MATTHEW GEHRKE**  -Borrower


_____          Date: _____
**SHAWNDARIE JOHNSON**  -Borrower


_____
Notary                                                                              Date



410 12757 07/19



**After Recording Return To:**
**Rushmore Loan Management Services LLC**
**ATTN: Collateral Dept.**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

**This Document Prepared By:**
**TIM LIGHTFOOT**
**Rushmore Loan Management Services LLC**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

**Until a change is requested all**
**tax statements shall be sent to**
**the following address.**
**Owner, U.S. Bank National Association, not in its**
**individual capacity but solely as trustee for RMTP Trust,**
**Series 2021 Cottage-TT-V and through Rushmore Loan**
**Management Services LLC**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

**True and Actual Consideration is: $125,601.31**

_____ [Space Above This Line For Recording Data] _____

Original Recording Date: **September 20, 2019**                     Loan No.:**4402937095**
Original Loan Amount: **$378,229.00**                               VA Case No.: **48-48-6-0479019**

# LOAN MODIFICATION AGREEMENT

Borrower ("I/my/me"): **MATTHEW GEHRKE and SHAWNDARIE JOHNSON.** Dated this **14th** day of **April, 2023.** If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Lender or Servicer ("Lender"): **Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC, whose address is 8616 Freeport Parkway, Suite 100, Irving, TX 75063**

Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):
**September 16, 2019** and recorded in Instrument No: **2019-064537,** recorded on **September 20, 2019,** of the Official Records of **WASHINGTON** County, **OR.**

Property Address ("Property"):   **7670 SW BARNARD DR**
                                   **BEAVERTON, OR 97007**

**Legal Description:**
**THE FOLLOWING DESCRIBED PROPERTY SITUATED IN THE COUNTY OF WASHINGTON, STATE OF OREGON: LOT 104, BRIDLE HILLS, IN THE CITY OF BEAVERTON, COUNTY OF WASHINGTON AND STATE OF OREGON.**



LOAN MODIFICATION AGREEMENT
410 10036 10/21



*(page 1 of 7 pages)*

If my representations and covenants in Section 1 continue to be true in all material respects, then this Loan Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants**.  I certify, represent to Lender, covenant and agree:

A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;

C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents.  A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the VA COVID-19 Refund Modification Program;

E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

G. I have made or will make all payments required under a trial period plan, if applicable.

2. **Acknowledgements and Preconditions to Modification.**  I understand and acknowledge that:

A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification**.  If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the



Loan Documents will automatically become modified on **June 1, 2023** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. If applicable, I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **June 1, 2023**.

A.   The Maturity Date will be: **May 1, 2053**.

B.   The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be **$319,843.69** (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C.   Interest at the rate of **6.750%** will begin to accrue on the New Principal Balance as of **May 1, 2023** and the first new monthly payment on the New Principal Balance will be due on **June 1, 2023**.   My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-30 | 6.750% | May 01, 2023 | $2,074.50 | $545.88 May adjust periodically | $2,620.38 May adjust periodically | June 01, 2023 | 360 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D.   I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E.   If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.



LOAN MODIFICATION AGREEMENT
410 10036 10/21

*103914+36*

*(page 3 of 7 pages)*

4. **Additional Agreements**. I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of



LOAN MODIFICATION AGREEMENT
410 10036 10/21

*103914+36*

*(page 4 of 7 pages)*

the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Loan Modification Program.

L. RESERVED FOR LOANS WHERE MERS IS PARTY TO THE TRANSACTION.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Loan Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

In Witness Whereof, the Lender and I have executed this Agreement.

_____  Date: _____
**MATTHEW GEHRKE**  -Borrower


_____  Date: _____
**SHAWNDARIE JOHNSON**  -Borrower


_____ [Space Below This Line For Acknowledgments] _____

State of Oregon

County of _____

This instrument was acknowledged before me, a Notary Public on

_____ by

**MATTHEW GEHRKE and SHAWNDARIE JOHNSON**.


_____
(Signature of notarial officer)

_____
(Title or rank)

My Commission expires :_____



LOAN MODIFICATION AGREEMENT
410 10036 10/21



**Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC**

By: _____(Seal) - Lender
Name: _____
Title: _____

_____Date of Lender's Signature
_____ [Space Below This Line For Acknowledgments] _____
The State of TEXAS

County of DALLAS

Before me _____ (name/title of officer) on this day personally appeared

_____ , the _____ of

_____ ,

known to me (or proved to me on the oath of _____ or through _____
(description of identity card or other document)) to be the person whose name is subscribed to the
foregoing instrument and acknowledged  to me that he executed the same for the purposes and
consideration therein expressed.

Given under my hand and seal of office this _____ day of _____, A.D.,_____.

_____
Signature of Officer

_____
Title of Officer

My Commission expires : _____



LOAN MODIFICATION AGREEMENT
410 10036 10/21



*(page 7 of 7 pages)*

# PROMISSORY NOTE

**April 14, 2023**                    **BEAVERTON**                    **OREGON**

### 7670 SW BARNARD DR, BEAVERTON, OR 97007

# NOTICE:  THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE SECRETARY OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

**1.   PARTIES.**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means **the Secretary of Veterans Affairs, an Officer of the United States** and its successors and assigns.

**2.   BORROWER'S PROMISE TO PAY**

In return for a loan received from Lender, Borrower promises to pay the principal sum, as calculated under Title 38 Code of Federal Regulations ("C.F.R."), Section 36.4805(e), of **ONE HUNDRED TWENTY FIVE THOUSAND SIX HUNDRED ONE AND 31/100** Dollars (U.S. $ **125,601.31** ), to the order of the Lender or Note Holder.

Borrower will make all payments under this Note in the form of cash, check, or money order.

Borrower understands Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**3.   PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4.   MANNER OF PAYMENT**

**(A)      Time.**

Repayment of the full principal sum is required immediately on **May 1, 2053** or earlier, when the first of the following events occurs: (1) the transfer of title to the Property secured by the Security Instrument; or (2) the refinancing or payment in full otherwise, of all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments guaranteed by the Secretary, with which this Note and Subordinate Mortgage are associated.

**(B)      Place.**

Payment shall be made at **BSI Financial Services. P.O. Box 679002, Dallas, TX 75267** or any such other place as Lender or Note Holder may designate in writing by notice to Borrower.

**5.   BORROWER'S RIGHT TO PREPAY**

Borrower has the right to prepay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6.   BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Default**

If Borrower does not pay the full amount due on the date it is due, Borrower will be in default and



410 4365 08/21

Page 1 of 2

Note Holder is entitled to exercise all remedies provided by, and in accordance with, applicable law.

**(B) Notice of Default**

If Borrower is in default, Note Holder may send a written notice of default as required by applicable law.

**(C) No Waiver By Note Holder**

If, at any time Borrower is in default, Note Holder does not require immediate payment in full, the Note Holder does not waive such right and may require immediate payment at any time Borrower remains in default.

**(D) Payment of Note Holder's Costs and Expenses**

In the event of Borrower's default, Borrower will be liable to Note Holder for all costs and expenses of enforcing this Note to the full extent of applicable law, including but not limited to, reasonable attorney fees and court costs.

**7. WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require Note Holder to give notice to other persons that amounts due have not been paid.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

**9. V.A. REGULATIONS**

Regulations (38 C.F.R. Part 36) issued under the U.S. Department of Veterans Affairs ("VA") Guaranteed Loan Authority (38 U.S.C. Chapter 37) and in effect on the date of loan closing shall govern the rights, duties, and liabilities of the parties to this loan and any provisions of this Note which are inconsistent with such regulations are hereby amended and supplemented to conform thereto.

**10. SEVERABILITY**

If one section of this instrument is found to be void or unenforceable such determination shall not affect the validity or enforceability of other provisions, all of which shall remain in full force and effect.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____     Date: _____
**MATTHEW GEHRKE**  -Borrower

_____     Date: _____
**SHAWNDARIE JOHNSON**  -Borrower





Case 20-30695-dwh13     Doc 83     Filed 05/02/23

**After Recording Return To:**
**Rushmore Loan Management**
**Services LLC**
**ATTN: Collateral Dept.**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

**This Document Prepared By:**
**TIM LIGHTFOOT**
**Rushmore Loan Management**
**Services LLC**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

Until a change is requested all tax statements
shall be sent to the following address.
**Owner, U.S. Bank National Association, not in**
**its individual capacity but solely as trustee**
**for RMTP Trust, Series 2021 Cottage-TT-V**
**and through Rushmore Loan Management**
**Services LLC**
**8616 Freeport Parkway, Suite 100,**
**Irving, TX 75063**
True and Actual Consideration is: **$125,601.31**

_____ [Space Above This Line For Recording Data] _____

VA Partial Claim Loan No.: **48-48-0-0479019**
VA Case No: **48-48-6-0479019**
Primary VA Guaranteed Loan No.: **4402937095**

# NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE SECRETARY OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

**Property Address: 7670 SW BARNARD DR, BEAVERTON, OR 97007**

## PARTIAL CLAIM DEED OF TRUST

THIS PARTIAL CLAIM DEED OF TRUST ("Security Instrument") is made this **14th** day of **April, 2023**. The grantor is **MATTHEW GEHRKE and SHAWNDARIE JOHNSON** ("Borrower"), whose address is **7670 SW BARNARD DR, BEAVERTON, OR 97007**. The trustee is **WFG NATIONAL TITLE INSURANCE COMPANY,** ("Trustee"), whose address is **12909 SW 68TH PARKWAY, PORTLAND, OR 97223**.

The beneficiary is **the Secretary of Veterans Affairs, an Officer of the United States**, whose address is **Department of Veterans Affairs, Loan Guaranty Service, 3401 West End Avenue, Suite 760W, Nashville, TN 37203** ("Lender"). Borrower owes Lender the principal sum as calculated under Title 38 Code of Federal Regulations ("C.F.R."), Section 36.4805(e), of **ONE HUNDRED TWENTY FIVE**



Oregon Partial Claim Deed of Trust
410 4327 08/21



*(page 1 of 5)*

**THOUSAND SIX HUNDRED ONE AND 31/100** Dollars (U.S. $ **125,601.31**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **May 1, 2053**.

BORROWER MAY make prepayments for this subordinate loan, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment there will be no changes in the due date unless Lender agrees in writing to those changes.

THIS SECURITY INSTRUMENT secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of **WASHINGTON**, State of **OREGON**:

**THE FOLLOWING DESCRIBED PROPERTY SITUATED IN THE COUNTY OF WASHINGTON, STATE OF OREGON: LOT 104, BRIDLE HILLS, IN THE CITY OF BEAVERTON, COUNTY OF WASHINGTON AND STATE OF OREGON.**

which has the address of **7670 SW BARNARD DR, BEAVERTON, OR 97007** "Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing, is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.
    **1.**    **Payment of Principal**. Borrower shall pay when due the principal of the debt evidenced by the Note.
    **2.**    **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.
    **3.**    **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns



Oregon Partial Claim Deed of Trust
410 4327 08/21

*(page 2 of 5)*

of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

     **4.**     **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: **Department of Veterans Affairs, Loan Guaranty Service, BSI Financial Services. P.O. Box 679002, Dallas, TX 75267** or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

     **5.**     **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

     **6.**     **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

     **7. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

     **If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall give notice of sale in the manner prescribed by Applicable Law to Borrower and to other persons prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

     **Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie**



Oregon Partial Claim Deed of Trust
410 4327 08/21

*(page 3 of 5)*



evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Promissory Note, or (a) veteran's transfer of title to the property, or (b) refinancing or payment in full otherwise of the guaranteed loan with which the partial claim payment is associated. The veteran may make payments for the subordinate loan, in whole or in part, without charge or penalty. If the veteran makes a partial prepayment, there will be no changes in the due date unless VA agrees in writing to those changes.

8.      **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law.

9.      **Substitute Trustee.** Lender may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

10.     **Attorneys' Fees.** As used in this Security Instrument and in the Note, attorneys' fees shall include those awarded by an appellate court.

11.     **Bankruptcy Discharge.** If Borrower, subsequent to **April 14, 2023**, receives a discharge in a Chapter 7 bankruptcy, and there is no valid reaffirmation agreement of the underlying debt, Lender will not attempt to re-establish any personal liability for the underlying debt.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.


_____          Date: _____

**MATTHEW GEHRKE**  -Borrower


_____          Date: _____

**SHAWNDARIE JOHNSON**  -Borrower




Oregon Partial Claim Deed of Trust
410 4327 08/21



*(page 4 of 5)*

_____ [Space Below This Line For Acknowledgments] _____

State of Oregon

County of _____

This instrument was acknowledged before me, a Notary Public on

_____ by

**MATTHEW GEHRKE and SHAWNDARIE JOHNSON**.


_____
(Signature of notarial officer)

_____
(Title or rank)

My Commission expires :_____



Oregon Partial Claim Deed of Trust
410 4327 08/21



*(page 5 of 5)*

# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: **4402937095**                                                     Date: **April 17, 2023**

Borrower(s):   **MATTHEW GEHRKE and SHAWNDARIE JOHNSON**

Property Address:   **7670 SW BARNARD DR, BEAVERTON, OR 97007**

Lender:   **Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC**

In consideration of **Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.


_____                Date: _____
**MATTHEW GEHRKE**  -Borrower


_____                Date: _____
**SHAWNDARIE JOHNSON**  -Borrower





Errors and Omissions/Compliance Agreement

Case 20-30695-dwh13    Doc 83    Filed 05/02/23

**After Recording Return To:**
**Rushmore Loan Management Services LLC**
**ATTN: Collateral Dept.**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

**This Document Prepared By:**
**TIM LIGHTFOOT**
**Rushmore Loan Management Services LLC**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

**Until a change is requested all**
**tax statements shall be sent to**
**the following address.**
**Owner, U.S. Bank National Association, not in its**
**individual capacity but solely as trustee for RMTP Trust,**
**Series 2021 Cottage-TT-V and through Rushmore Loan**
**Management Services LLC**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

**True and Actual Consideration is: $125,601.31**

_____ [Space Above This Line For Recording Data] _____

| | |
|---|---|
| Original Recording Date: **September 20, 2019** | Loan No.:**4402937095** |
| Original Loan Amount: **$378,229.00** | VA Case No.: **48-48-6-0479019** |

# LOAN MODIFICATION AGREEMENT

Borrower ("I/my/me"): **MATTHEW GEHRKE and SHAWNDARIE JOHNSON.** Dated this **14th** day of **April, 2023.** If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Lender or Servicer ("Lender"): **Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC, whose address is 8616 Freeport Parkway, Suite 100, Irving, TX 75063**

Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):

**September 16, 2019** and recorded in Instrument No: **2019-064537**, recorded on **September 20, 2019,** of the Official Records of **WASHINGTON** County, **OR**.

Property Address ("Property"): **7670 SW BARNARD DR**
**BEAVERTON, OR 97007**

**Legal Description:**
**THE FOLLOWING DESCRIBED PROPERTY SITUATED IN THE COUNTY OF WASHINGTON, STATE OF OREGON: LOT 104, BRIDLE HILLS, IN THE CITY OF BEAVERTON, COUNTY OF WASHINGTON AND STATE OF OREGON.**



LOAN MODIFICATION AGREEMENT
410 10036 10/21



*(page 1 of 7 pages)*

If my representations and covenants in Section 1 continue to be true in all material respects, then this Loan Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants**. I certify, represent to Lender, covenant and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;
   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
   D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the VA COVID-19 Refund Modification Program;
   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
   G. I have made or will make all payments required under a trial period plan, if applicable.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification**. If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the



LOAN MODIFICATION AGREEMENT
410 10036 10/21

*10 3 9 1 4 + 3 6*

*(page 2 of 7 pages)*

Loan Documents will automatically become modified on **June 1, 2023** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. If applicable, I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **June 1, 2023**.

A. The Maturity Date will be: **May 1, 2053**.

B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be **$319,843.69** (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. Interest at the rate of **6.750%** will begin to accrue on the New Principal Balance as of **May 1, 2023** and the first new monthly payment on the New Principal Balance will be due on **June 1, 2023**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-30 | 6.750% | May 01, 2023 | $2,074.50 | $545.88 May adjust periodically | $2,620.38 May adjust periodically | June 01, 2023 | 360 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.



LOAN MODIFICATION AGREEMENT
410 10036 10/21

*1 0 3 9 1 4 + 3 6*

*(page 3 of 7 pages)*

4. **Additional Agreements**. I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of



LOAN MODIFICATION AGREEMENT
410 10036 10/21

*103914+36*

*(page 4 of 7 pages)*

Case 20-30695-dwh13    Doc 83    Filed 05/02/23

the Note, such provision is null and void.

J.  That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K.  That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Loan Modification Program.

L.  RESERVED FOR LOANS WHERE MERS IS PARTY TO THE TRANSACTION.

M.  That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Loan Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N.  That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O.  That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

In Witness Whereof, the Lender and I have executed this Agreement.

_____    Date: _____
**MATTHEW GEHRKE**  -Borrower

_____    Date: _____
**SHAWNDARIE JOHNSON**  -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of Oregon

County of _____

This instrument was acknowledged before me, a Notary Public on

_____ by

**MATTHEW GEHRKE and SHAWNDARIE JOHNSON**.

_____
(Signature of notarial officer)

_____
(Title or rank)

My Commission expires :_____





Case 20-30695-dwh13    Doc 83    Filed 05/02/23

**Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC**

By: _____(Seal) - Lender

Name: _____

Title: _____

_____Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

The State of TEXAS

County of DALLAS

Before me _____ (name/title of officer) on this day personally appeared

_____ , the _____ of

_____ ,

known to me (or proved to me on the oath of _____ or through _____ (description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument and acknowledged  to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _____ day of _____, A.D.,_____.

_____
Signature of Officer

_____
Title of Officer

My Commission expires : _____



LOAN MODIFICATION AGREEMENT
410 10036 10/21



*(page 7 of 7 pages)*

# PROMISSORY NOTE

**April 14, 2023**                    **BEAVERTON**                    **OREGON**

### 7670 SW BARNARD DR, BEAVERTON, OR 97007

# NOTICE:  THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE SECRETARY OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

**1.   PARTIES.**
   "Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means **the Secretary of Veterans Affairs, an Officer of the United States** and its successors and assigns.

**2.   BORROWER'S PROMISE TO PAY**
   In return for a loan received from Lender, Borrower promises to pay the principal sum, as calculated under Title 38 Code of Federal Regulations ("C.F.R."), Section 36.4805(e), of **ONE HUNDRED TWENTY FIVE THOUSAND SIX HUNDRED ONE AND 31/100** Dollars (U.S. $ **125,601.31** ), to the order of the Lender or Note Holder.

Borrower will make all payments under this Note in the form of cash, check, or money order.

Borrower understands Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**3.   PROMISE TO PAY SECURED**
   Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4.   MANNER OF PAYMENT**
   **(A)      Time.**
Repayment of the full principal sum is required immediately on **May 1, 2053** or earlier, when the first of the following events occurs: (1) the transfer of title to the Property secured by the Security Instrument; or (2) the refinancing or payment in full otherwise, of all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments guaranteed by the Secretary, with which this Note and Subordinate Mortgage are associated.
   **(B)      Place.**
   Payment shall be made at **BSI Financial Services. P.O. Box 679002, Dallas, TX 75267** or any such other place as Lender or Note Holder may designate in writing by notice to Borrower.

**5.   BORROWER'S RIGHT TO PREPAY**
   Borrower has the right to prepay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6.   BORROWER'S FAILURE TO PAY AS REQUIRED**
   **(A) Default**
   If Borrower does not pay the full amount due on the date it is due, Borrower will be in default and



410 4365 08/21

Case 20-30695-dwh13    Doc 83    Filed 05/02/23

Note Holder is entitled to exercise all remedies provided by, and in accordance with, applicable law.

**(B) Notice of Default**

If Borrower is in default, Note Holder may send a written notice of default as required by applicable law.

**(C) No Waiver By Note Holder**

If, at any time Borrower is in default, Note Holder does not require immediate payment in full, the Note Holder does not waive such right and may require immediate payment at any time Borrower remains in default.

**(D) Payment of Note Holder's Costs and Expenses**

In the event of Borrower's default, Borrower will be liable to Note Holder for all costs and expenses of enforcing this Note to the full extent of applicable law, including but not limited to, reasonable attorney fees and court costs.

**7. WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require Note Holder to give notice to other persons that amounts due have not been paid.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

**9. V.A. REGULATIONS**

Regulations (38 C.F.R. Part 36) issued under the U.S. Department of Veterans Affairs ("VA") Guaranteed Loan Authority (38 U.S.C. Chapter 37) and in effect on the date of loan closing shall govern the rights, duties, and liabilities of the parties to this loan and any provisions of this Note which are inconsistent with such regulations are hereby amended and supplemented to conform thereto.

**10. SEVERABILITY**

If one section of this instrument is found to be void or unenforceable such determination shall not affect the validity or enforceability of other provisions, all of which shall remain in full force and effect.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____     Date: _____

**MATTHEW GEHRKE**  -Borrower

_____     Date: _____

**SHAWNDARIE JOHNSON**  -Borrower


*4402937095*
410 4365 08/21


*103914+36*

**After Recording Return To:**
**Rushmore Loan Management**
**Services LLC**
**ATTN: Collateral Dept.**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

**This Document Prepared By:**
**TIM LIGHTFOOT**
**Rushmore Loan Management**
**Services LLC**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

Until a change is requested all tax statements
shall be sent to the following address.
**Owner, U.S. Bank National Association, not in**
**its individual capacity but solely as trustee**
**for RMTP Trust, Series 2021 Cottage-TT-V**
**and through Rushmore Loan Management**
**Services LLC**
**8616 Freeport Parkway, Suite 100,**
**Irving, TX 75063**
True and Actual Consideration is: **$125,601.31**

_____ [Space Above This Line For Recording Data] _____

VA Partial Claim Loan No.: **48-48-0-0479019**
VA Case No: **48-48-6-0479019**
Primary VA Guaranteed Loan No.: **4402937095**

# NOTICE:  THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE SECRETARY OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

**Property Address: 7670 SW BARNARD DR, BEAVERTON, OR 97007**

## PARTIAL CLAIM DEED OF TRUST

THIS PARTIAL CLAIM DEED OF TRUST ("Security Instrument") is made this **14th** day of **April, 2023**. The grantor is **MATTHEW GEHRKE and SHAWNDARIE JOHNSON** ("Borrower"), whose address is **7670 SW BARNARD DR, BEAVERTON, OR 97007**. The trustee is **WFG NATIONAL TITLE INSURANCE COMPANY,** ("Trustee"), whose address is **12909 SW 68TH PARKWAY, PORTLAND, OR 97223**.

The beneficiary is **the Secretary of Veterans Affairs, an Officer of the United States**, whose address is **Department of Veterans Affairs, Loan Guaranty Service, 3401 West End Avenue, Suite 760W, Nashville, TN 37203** ("Lender"). Borrower owes Lender the principal sum as calculated under Title 38 Code of Federal Regulations ("C.F.R."), Section 36.4805(e), of **ONE HUNDRED TWENTY FIVE**





Oregon Partial Claim Deed of Trust
410 4327 08/21

*(page 1 of 5)*

**THOUSAND SIX HUNDRED ONE AND 31/100** Dollars (U.S. $ **125,601.31**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **May 1, 2053**.

BORROWER MAY make prepayments for this subordinate loan, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment there will be no changes in the due date unless Lender agrees in writing to those changes.

THIS SECURITY INSTRUMENT secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of **WASHINGTON**, State of **OREGON**:

**THE FOLLOWING DESCRIBED PROPERTY SITUATED IN THE COUNTY OF WASHINGTON, STATE OF OREGON: LOT 104, BRIDLE HILLS, IN THE CITY OF BEAVERTON, COUNTY OF WASHINGTON AND STATE OF OREGON.**

which has the address of **7670 SW BARNARD DR, BEAVERTON, OR 97007** "Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing, is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.
    **1.**      **Payment of Principal**. Borrower shall pay when due the principal of the debt evidenced by the Note.
    **2.**      **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.
    **3.**      **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns



Oregon Partial Claim Deed of Trust
410 4327 08/21

*(page 2 of 5)*

of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

      **4.**      **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: **Department of Veterans Affairs, Loan Guaranty Service, BSI Financial Services. P.O. Box 679002, Dallas, TX 75267** or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

      **5.**      **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

      **6.**      **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

      **7. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

      **If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall give notice of sale in the manner prescribed by Applicable Law to Borrower and to other persons prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

      **Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie**





Case 20-30695-dwh13   Doc 83   Filed 05/02/23

evidence of the truth of the statements made therein. **Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Promissory Note, or (a) veteran's transfer of title to the property, or (b) refinancing or payment in full otherwise of the guaranteed loan with which the partial claim payment is associated. The veteran may make payments for the subordinate loan, in whole or in part, without charge or penalty. If the veteran makes a partial prepayment, there will be no changes in the due date unless VA agrees in writing to those changes.**

 8. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law.

 9. **Substitute Trustee.** Lender may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

 10. **Attorneys' Fees.** As used in this Security Instrument and in the Note, attorneys' fees shall include those awarded by an appellate court.

 11. **Bankruptcy Discharge.** If Borrower, subsequent to **April 14, 2023**, receives a discharge in a Chapter 7 bankruptcy, and there is no valid reaffirmation agreement of the underlying debt, Lender will not attempt to re-establish any personal liability for the underlying debt.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.


_____          Date: _____
**MATTHEW GEHRKE**  -Borrower


_____          Date: _____
**SHAWNDARIE JOHNSON**  -Borrower





Oregon Partial Claim Deed of Trust
410 4327 08/21

*(page 4 of 5)*

_____ [Space Below This Line For Acknowledgments] _____

State of Oregon

County of _____

This instrument was acknowledged before me, a Notary Public on

_____ by

**MATTHEW GEHRKE and SHAWNDARIE JOHNSON**.


_____
(Signature of notarial officer)

_____
(Title or rank)

My Commission expires :_____



Oregon Partial Claim Deed of Trust
410 4327 08/21



*(page 5 of 5)*

# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: **4402937095**                                                                 Date: **April 17, 2023**

Borrower(s):      **MATTHEW GEHRKE and SHAWNDARIE JOHNSON**

Property Address:        **7670 SW BARNARD DR, BEAVERTON, OR 97007**

Lender:    **Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC**

In consideration of **Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.  Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.


_____        Date: _____
**MATTHEW GEHRKE**  -Borrower


_____        Date: _____
**SHAWNDARIE JOHNSON**  -Borrower



410 2001 11/12



Errors and Omissions/Compliance Agreement

**After Recording Return To:**
**Rushmore Loan Management Services LLC**
**ATTN: Collateral Dept.**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

**This Document Prepared By:**
**TIM LIGHTFOOT**
**Rushmore Loan Management Services LLC**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

**Until a change is requested all**
**tax statements shall be sent to**
**the following address.**
**Owner, U.S. Bank National Association, not in its**
**individual capacity but solely as trustee for RMTP Trust,**
**Series 2021 Cottage-TT-V and through Rushmore Loan**
**Management Services LLC**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

**True and Actual Consideration is: $125,601.31**

_____ [Space Above This Line For Recording Data] _____

Original Recording Date: **September 20, 2019**                          Loan No.:**4402937095**
Original Loan Amount: **$378,229.00**                          VA Case No.: **48-48-6-0479019**

# LOAN MODIFICATION AGREEMENT

Borrower ("I/my/me"): **MATTHEW GEHRKE and SHAWNDARIE JOHNSON.** Dated this **14th** day of **April, 2023.** If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Lender or Servicer ("Lender"): **Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC, whose address is 8616 Freeport Parkway, Suite 100, Irving, TX 75063**

Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):

**September 16, 2019** and recorded in Instrument No: **2019-064537,** recorded on **September 20, 2019,** of the Official Records of **WASHINGTON** County, **OR.**

Property Address ("Property"):  **7670 SW BARNARD DR**
**BEAVERTON, OR 97007**

**Legal Description:**
**THE FOLLOWING DESCRIBED PROPERTY SITUATED IN THE COUNTY OF WASHINGTON, STATE OF OREGON: LOT 104, BRIDLE HILLS, IN THE CITY OF BEAVERTON, COUNTY OF WASHINGTON AND STATE OF OREGON.**



LOAN MODIFICATION AGREEMENT
410 10036 10/21



*(page 1 of 7 pages)*

If my representations and covenants in Section 1 continue to be true in all material respects, then this Loan Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants**. I certify, represent to Lender, covenant and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;
   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
   D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the VA COVID-19 Refund Modification Program;
   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
   G. I have made or will make all payments required under a trial period plan, if applicable.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification**. If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the



LOAN MODIFICATION AGREEMENT
410 10036 10/21

*103914+36*

*(page 2 of 7 pages)*

Case 20-30695-dwh13    Doc 83    Filed 05/02/23

Loan Documents will automatically become modified on **June 1, 2023** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. If applicable, I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **June 1, 2023**.

A. The Maturity Date will be: **May 1, 2053**.

B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be **$319,843.69** (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. Interest at the rate of **6.750%** will begin to accrue on the New Principal Balance as of **May 1, 2023** and the first new monthly payment on the New Principal Balance will be due on **June 1, 2023**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-30 | 6.750% | May 01, 2023 | $2,074.50 | $545.88 May adjust periodically | $2,620.38 May adjust periodically | June 01, 2023 | 360 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.



4. **Additional Agreements**. I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of



LOAN MODIFICATION AGREEMENT
410 10036 10/21

*(page 4 of 7 pages)*

the Note, such provision is null and void.

J.  That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K.  That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Loan Modification Program.

L.  RESERVED FOR LOANS WHERE MERS IS PARTY TO THE TRANSACTION.

M.  That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Loan Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N.  That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O.  That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

In Witness Whereof, the Lender and I have executed this Agreement.

_____    Date: _____
**MATTHEW GEHRKE**  -Borrower

_____    Date: _____
**SHAWNDARIE JOHNSON**  -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of Oregon

County of _____

This instrument was acknowledged before me, a Notary Public on

_____ by

**MATTHEW GEHRKE and SHAWNDARIE JOHNSON**.


_____
(Signature of notarial officer)

_____
(Title or rank)

My Commission expires :_____



LOAN MODIFICATION AGREEMENT
410 10036 10/21



*(page 6 of 7 pages)*

**Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC**

By: _____(Seal) - Lender
Name: _____
Title: _____

_____Date of Lender's Signature
_____ [Space Below This Line For Acknowledgments] _____
The State of TEXAS

County of DALLAS

Before me _____ (name/title of officer) on this day personally appeared

_____, the _____ of

_____,

known to me (or proved to me on the oath of _____ or through _____
(description of identity card or other document)) to be the person whose name is subscribed to the
foregoing instrument and acknowledged  to me that he executed the same for the purposes and
consideration therein expressed.

Given under my hand and seal of office this _____ day of _____, A.D.,_____.

_____
Signature of Officer

_____
Title of Officer

My Commission expires : _____



LOAN MODIFICATION AGREEMENT
410 10036 10/21



*(page 7 of 7 pages)*

# PROMISSORY NOTE

**April 14, 2023**        **BEAVERTON**        **OREGON**

**7670 SW BARNARD DR, BEAVERTON, OR 97007**

# NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE SECRETARY OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

**1. PARTIES.**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means **the Secretary of Veterans Affairs, an Officer of the United States** and its successors and assigns.

**2. BORROWER'S PROMISE TO PAY**

In return for a loan received from Lender, Borrower promises to pay the principal sum, as calculated under Title 38 Code of Federal Regulations ("C.F.R."), Section 36.4805(e), of **ONE HUNDRED TWENTY FIVE THOUSAND SIX HUNDRED ONE AND 31/100** Dollars (U.S. $ **125,601.31** ), to the order of the Lender or Note Holder.

Borrower will make all payments under this Note in the form of cash, check, or money order.

Borrower understands Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**3. PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4. MANNER OF PAYMENT**

    **(A) Time.**

Repayment of the full principal sum is required immediately on **May 1, 2053** or earlier, when the first of the following events occurs: (1) the transfer of title to the Property secured by the Security Instrument; or (2) the refinancing or payment in full otherwise, of all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments guaranteed by the Secretary, with which this Note and Subordinate Mortgage are associated.

    **(B) Place.**

Payment shall be made at **BSI Financial Services. P.O. Box 679002, Dallas, TX 75267** or any such other place as Lender or Note Holder may designate in writing by notice to Borrower.

**5. BORROWER'S RIGHT TO PREPAY**

Borrower has the right to prepay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

    **(A) Default**

If Borrower does not pay the full amount due on the date it is due, Borrower will be in default and



410 4365 08/21

Page 1 of 2

Case 20-30695-dwh13    Doc 83    Filed 05/02/23

Note Holder is entitled to exercise all remedies provided by, and in accordance with, applicable law.

**(B) Notice of Default**

If Borrower is in default, Note Holder may send a written notice of default as required by applicable law.

**(C) No Waiver By Note Holder**

If, at any time Borrower is in default, Note Holder does not require immediate payment in full, the Note Holder does not waive such right and may require immediate payment at any time Borrower remains in default.

**(D) Payment of Note Holder's Costs and Expenses**

In the event of Borrower's default, Borrower will be liable to Note Holder for all costs and expenses of enforcing this Note to the full extent of applicable law, including but not limited to, reasonable attorney fees and court costs.

**7.  WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require Note Holder to give notice to other persons that amounts due have not been paid.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

**9.  V.A. REGULATIONS**

Regulations (38 C.F.R. Part 36) issued under the U.S. Department of Veterans Affairs ("VA") Guaranteed Loan Authority (38 U.S.C. Chapter 37) and in effect on the date of loan closing shall govern the rights, duties, and liabilities of the parties to this loan and any provisions of this Note which are inconsistent with such regulations are hereby amended and supplemented to conform thereto.

**10. SEVERABILITY**

If one section of this instrument is found to be void or unenforceable such determination shall not affect the validity or enforceability of other provisions, all of which shall remain in full force and effect.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____     Date: _____

**MATTHEW GEHRKE**  -Borrower

_____     Date: _____

**SHAWNDARIE JOHNSON**  -Borrower



410 4365 08/21



**After Recording Return To:**
**Rushmore Loan Management**
**Services LLC**
**ATTN: Collateral Dept.**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

**This Document Prepared By:**
**TIM LIGHTFOOT**
**Rushmore Loan Management**
**Services LLC**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

Until a change is requested all tax statements
shall be sent to the following address.
**Owner, U.S. Bank National Association, not in**
**its individual capacity but solely as trustee**
**for RMTP Trust, Series 2021 Cottage-TT-V**
**and through Rushmore Loan Management**
**Services LLC**
**8616 Freeport Parkway, Suite 100,**
**Irving, TX 75063**
True and Actual Consideration is: **$125,601.31**

_____ [Space Above This Line For Recording Data] _____

VA Partial Claim Loan No.: **48-48-0-0479019**
VA Case No: **48-48-6-0479019**
Primary VA Guaranteed Loan No.: **4402937095**

# NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE SECRETARY OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

**Property Address: 7670 SW BARNARD DR, BEAVERTON, OR 97007**

## PARTIAL CLAIM DEED OF TRUST

THIS PARTIAL CLAIM DEED OF TRUST ("Security Instrument") is made this **14th** day of **April, 2023**. The grantor is **MATTHEW GEHRKE and SHAWNDARIE JOHNSON** ("Borrower"), whose address is **7670 SW BARNARD DR, BEAVERTON, OR 97007**. The trustee is **WFG NATIONAL TITLE INSURANCE COMPANY**, ("Trustee"), whose address is **12909 SW 68TH PARKWAY, PORTLAND, OR 97223**.

The beneficiary is **the Secretary of Veterans Affairs, an Officer of the United States**, whose address is **Department of Veterans Affairs, Loan Guaranty Service, 3401 West End Avenue, Suite 760W, Nashville, TN 37203** ("Lender"). Borrower owes Lender the principal sum as calculated under Title 38 Code of Federal Regulations ("C.F.R."), Section 36.4805(e), of **ONE HUNDRED TWENTY FIVE**





Oregon Partial Claim Deed of Trust
410 4327 08/21

*(page 1 of 5)*

Case 20-30695-dwh13    Doc 83    Filed 05/02/23

**THOUSAND SIX HUNDRED ONE AND 31/100** Dollars (U.S. $ **125,601.31**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **May 1, 2053**.

BORROWER MAY make prepayments for this subordinate loan, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment there will be no changes in the due date unless Lender agrees in writing to those changes.

THIS SECURITY INSTRUMENT secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of **WASHINGTON**, State of **OREGON**:

**THE FOLLOWING DESCRIBED PROPERTY SITUATED IN THE COUNTY OF WASHINGTON, STATE OF OREGON: LOT 104, BRIDLE HILLS, IN THE CITY OF BEAVERTON, COUNTY OF WASHINGTON AND STATE OF OREGON.**

which has the address of **7670 SW BARNARD DR, BEAVERTON, OR 97007** "Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing, is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.
    **1.**    **Payment of Principal**. Borrower shall pay when due the principal of the debt evidenced by the Note.
    **2.**    **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.
    **3.**    **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns



*440293709 5*

Oregon Partial Claim Deed of Trust
410 4327 08/21

*103914+3 6*

*(page 2 of 5)*

of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

     **4.**     **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: **Department of Veterans Affairs, Loan Guaranty Service, BSI Financial Services. P.O. Box 679002, Dallas, TX 75267** or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

     **5.**     **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

     **6.**     **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

     **7. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

     **If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall give notice of sale in the manner prescribed by Applicable Law to Borrower and to other persons prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

     **Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie**



Oregon Partial Claim Deed of Trust
410 4327 08/21



*(page 3 of 5)*

evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Promissory Note, or (a) veteran's transfer of title to the property, or (b) refinancing or payment in full otherwise of the guaranteed loan with which the partial claim payment is associated. The veteran may make payments for the subordinate loan, in whole or in part, without charge or penalty. If the veteran makes a partial prepayment, there will be no changes in the due date unless VA agrees in writing to those changes.

8. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law.

9. **Substitute Trustee.** Lender may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

10. **Attorneys' Fees.** As used in this Security Instrument and in the Note, attorneys' fees shall include those awarded by an appellate court.

11. **Bankruptcy Discharge.** If Borrower, subsequent to **April 14, 2023**, receives a discharge in a Chapter 7 bankruptcy, and there is no valid reaffirmation agreement of the underlying debt, Lender will not attempt to re-establish any personal liability for the underlying debt.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

_____     Date: _____
**MATTHEW GEHRKE**  -Borrower

_____     Date: _____
**SHAWNDARIE JOHNSON**  -Borrower



Oregon Partial Claim Deed of Trust
410 4327 08/21



*(page 4 of 5)*

_____ [Space Below This Line For Acknowledgments] _____

State of Oregon

County of _____

This instrument was acknowledged before me, a Notary Public on

_____ by

**MATTHEW GEHRKE and SHAWNDARIE JOHNSON**.


_____
(Signature of notarial officer)

_____
(Title or rank)

My Commission expires :_____



Oregon Partial Claim Deed of Trust
410 4327 08/21



*(page 5 of 5)*

# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: **4402937095**                                    Date: **April 17, 2023**

Borrower(s):   **MATTHEW GEHRKE and SHAWNDARIE JOHNSON**

Property Address:     **7670 SW BARNARD DR, BEAVERTON, OR 97007**

Lender:   **Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC**

In consideration of **Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.  Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.


_____              Date: _____
**MATTHEW GEHRKE**  -Borrower


_____              Date: _____
**SHAWNDARIE JOHNSON**  -Borrower


410 2001 11/12


Errors and Omissions/Compliance Agreement

CREDITOR

Matthew Christopher Gehrke
Shawndarie Rene Johnson
7670 SW Barnard Drive
Beaverton, OR 97007
=
Capital One, N.A.
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701
=
Capital One Bank (USA), N.A.
4515 N Santa Fe Ave
Oklahoma City, OK 73118
=
CASHCO FINANCIAL SERVICES, INC
10220 SW Nimbus Ave Ste K-2
Tigard, OR 97223
=
Cash Net USA
175 West Jackson
Suite 1000
Chicago, IL 60604
=
Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD 57108-5027
=
Dell Financial Services, LLC
Resurgent Capital Services
PO Box 10390
Greenville, SC 29603-0390
=
Department Stores National Bank
c/o Quantum3 Group LLC
PO Box 657
Kirkland, WA 98083-0657
=
Freedom Mortgage Corporation
Bankruptcy Department
10500 Kincaid Drive
Suite 300
Fishers, IN 46037
=
Internal Revenue Service
c/o William Barr
Attorney General of the United States
10th & Constitution NW
Washington, DC 20530

CREDITOR

=
Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud Mn 56302-9617
=
KaiPerm Northwest Federal Credit Union
7505 NE Ambassador Place, Suite A
Portland, OR 97220
=
LES SCHWAB TIRE CENTERS OF PORTLAND, INC.
PO BOX 5350
BEND, OR 97708
=
LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587
=
Navient Solutions, LLC. on behalf of
ECMC
PO BOX 16408
St Paul, MN 55116-0478
=
NPRTO West, LLC
256 West Data Drive
Draper, UT 84020
=
ODR Bkcy
955 Center St NE
Salem OR 97301-2555
=
Portfolio Recovery Associates, LLC
PO Box 41067
Norfolk, VA 23541
=
Quantum3 Group LLC
PO Box 788
Kirkland, WA 98083-0788
=
Speedy/Rapid Cash
PO Box 780408
Wichita, KS 67278
=
U.S. Department of Education
c/o FedLoan Servicing
P.O. Box 69184
Harrisburg, PA 17106-9184
=